Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>AXEL RIVERA HERNÁDEZ<br><br>Peticionario | KLCE202500108 | *CERTIORARI*<br>Procedente del Tribunal de primera Instancia, Sala Superior de Guayama<br><br>Crim. Núm.: G4TR202400034<br><br>Por: Art. 7.02 (Ley de Vehículos y Transito) |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2025.

Comparece ante nos el señor Axel Rivera Hernández ("señor Rivera Hernández" o "Apelante") mediante *Petición de Certiorari* presentada el 4 de febrero de 2025. Nos solicita que revoquemos la *Orden* emitida y notificada el 9 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Guayama ("foro primario" o "foro *a quo*"). Mediante el aludido dictamen, el foro primario señaló para el 6 de febrero de 2025 una vista de términos extendidos y vista de necesidad.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

## **I.**

Conforme se desprende del expediente ante nuestra consideración, el 9 de enero de 2025, se llevó a cabo el juicio en su fondo en el caso de epígrafe. Surge de la *Minuta* de dicha vista,[1] que

---

[1] Véase, Apéndice del Recurso.

el Ministerio Público anunció que uno de sus testigos, un químico, no estaba disponible para testificar ese día. Ante este panorama, sugirió que se podía iniciar el juicio con el testigo que se encontraba presente y luego continuar el caso en otra fecha. De igual forma, la fiscal aclaró que había realizado los cálculos correspondientes e informó que contrario a lo argumentado por el Peticionario, el caso no se encontraba en el último día de los términos, toda vez que el término comenzó a transcurrir el 19 de septiembre de 2024.

Por su parte, el Peticionario replicó este argumento. Alegó que los términos para celebrar el juicio comenzaron a transcurrir el 18 de julio de 2024, fecha en la que hubo una suspensión a favor de la defensa a consecuencia de un problema relacionado a la producción de la regrabación de un video. Cónsono con lo antes expuesto, el Ministerio Público resaltó que en los señalamientos anteriores no se levantó el aludido argumento en torno a los términos, por parte del Peticionario. Por lo cual, debe entenderse que éste renunció implícitamente a dicha defensa. En ese sentido, la fiscal solicitó el reseñalamiento del juicio, toda vez que no se encuentra disponible el químico como testigo para la fecha señalada. Ante esta controversia, el foro primario determinó que dado a la objeción presentada por el Peticionario, señaló vista de términos extendidos y vista de necesidad para el 6 de febrero de 2025. Así las cosas, el Peticionario solicitó que se hiciera constar que su contención es que, a ese día, entiéndase, el 9 de enero de 2025, los términos estaban vencidos, por lo que invoca oportunamente su derecho de que el mismo sea archivado.

Así las cosas, el 4 de febrero de 2025, el Peticionario presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> Erró el Honorable Foro de Instancia al declarar No Ha Lugar la Moción de Desestimación al amparo de la Regla 64n4 de las de Procedimiento Criminal aludiendo que no se levant[ó] en una vista previa toda vez que en la vista previa el argumento sería prematuro.

Junto a su recurso, el Peticionario también presentó *Moción Urgente en Auxilio de Jurisdicción*. Cabe destacar que la notificación de la misma fue defectuosa, ya que envió copia de la moción en auxilio de jurisdicción a la dirección de correo electrónico del pasado procurador general, el Lcdo. Fernando Figueroa Santiago.[2]  De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de la comparecencia de la parte recurrida, ello con el propósito de lograr la más justa y eficiente adjudicación del caso ante nuestra consideración.

## II.

### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

---

[2] El 2 de enero de 2025, la Gobernadora de Puerto Rico, Hon. Jenniffer Colón González nombró al Lcdo. Omar José Andino Figueroa como Procurador General de Puerto Rico.

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo de Puerto Rico ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, pág. 712.

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por el Peticionario, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. Al amparo de los criterios que guían nuestra discreción, no intervendremos en la determinación recurrida. En el presente caso, el señor Rivera Hernández no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por lo cual, somos del criterio que en el presente caso procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, declaramos *No Ha Lugar* el auxilio de jurisdicción presentado y **denegamos** la expedición del auto de *certiorari*.

Notificar inmediatamente al Hon. Héctor A. Castro Cintrón y demás partes.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA.  LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones